# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Roynal Lee Walker,**
**Petitioner Below, Petitioner**

**FILED**

**February 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 17-0115** (Berkeley County 16-C-694)

**Ralph Terry, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roynal Lee Walker, pro se, appeals the January 11, 2017, order of the Circuit Court of Berkeley County denying his third petition for a writ of habeas corpus. Respondent Ralph Terry, Warden, Mt. Olive Correctional Complex,[1] by counsel Mary M. Downey, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2006, petitioner was sentenced to a life term of incarceration, without the possibility of parole, following his jury conviction of first-degree murder. Petitioner sought appellate review of his conviction. This Court refused petitioner's appeal by order entered on February 27, 2007.

Following the conclusion of petitioner's criminal case, his trial attorney was disbarred and convicted of federal fraud charges. The attorney was also convicted of disobeying a subpoena from the federal grand jury. After that conviction, petitioner's trial attorney turned her files (including petitioner's case file) over to the federal government.

---

[1]The warden at Mt. Olive Correctional Complex has changed and the warden now is Ralph Terry. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

1

On October 18, 2007, petitioner filed his first petition for a writ of habeas corpus. Thereafter, the circuit court appointed habeas counsel who filed an amended petition. The circuit court held an omnibus evidentiary hearing on November 14, 2011. At the beginning of the hearing, petitioner's attorney went over the *Losh* list of possible grounds for habeas relief with him and asked petitioner on the record whether he wanted to raise or waive each ground.[2] Petitioner's habeas attorney also informed the circuit court that he did not believe that petitioner's case file "exists anymore or is maybe in the custody of someone other than [petitioner's trial counsel]."

Petitioner's trial attorney was called by respondent and testified that she became disbarred in April of 2008, approximately two years following petitioner's trial. The attorney testified that irregularities in her billing practices led to her fraud convictions and that "there were no allegations regarding the quality of [her] representation of clients" during the time that she was petitioner's counsel. As part of petitioner's criminal case, his trial attorney testified that she conducted an investigation and received discovery materials from the State. Petitioner's trial attorney further testified that the defense proceeded on a theory of self-defense given that petitioner admitted to shooting the victim and that the jury was given an instruction regarding self-defense. With regard to petitioner's trial attorney's performance, the circuit court found that petitioner failed to show that his counsel provided ineffective assistance or, assuming arguendo that the representation was deficient in some way, that any deficiency caused petitioner to be convicted. Accordingly, the circuit court denied relief on that and every other alleged ground for relief.

Petitioner appealed the denial of his first habeas petition in *Walker v. Ballard* ("*Walker I*"), No. 12-0138, 2013 WL 1632113 (W.Va. April 16, 2013) (memorandum decision). In *Walker I*, this Court noted that petitioner's habeas attorney re-raised the "multiple grounds for relief" set forth in his first habeas petition in contending that the circuit court erred in denying relief. *Id.* at *1. This Court affirmed, finding that the circuit court properly denied the habeas petition. *Id.* at *2. Following the affirmation of the denial of his first petition, petitioner filed a second habeas petition on July 17, 2014, which was dismissed by an order entered on May 19, 2016. Petitioner did not appeal the dismissal of his second habeas petition.

Petitioner filed, pro se, the instant habeas petition on December 12, 2016, alleging ineffective assistance of habeas counsel. Petitioner asserted that his habeas attorney failed to: (1) "file additional pleadings, failed to completely set forth the evidence in support [thereof]"; (2) "file [an appeal] of [a]ll [g]rounds raised below"; (3) "present competent evidence"; (4) "investigate before filing" the petition; and (5) show competence "in [b]riefing the [p]etition." Petitioner further asserted that he did not have "all the records" in his case because they were in the hands of his "past attorney."[3] By order entered on January 11, 2017, the circuit court found that, though

---

[2]In *Losh v. McKenzie*, 166 W.Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981), we compiled a non-exclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding.

[3]As part of this contention, petitioner asserted that he wanted to appeal the dismissal of his (Continued . . .)

2

petitioner made "a summary claim in several areas," he did not set forth sufficient supporting factual allegations to "show that he is entitled to any relief." Accordingly, the circuit court summarily denied the instant habeas petition, finding that it was not necessary to "appoint counsel or require [respondent] to respond."

Petitioner now appeals the circuit court's January 11, 2017, order. We apply the following standard of review in habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, of *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016). In syllabus point 3 of *Anstey*, we held as follows:

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief. Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).' Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004) [(per curiam)]."

237 W.Va. at 412, 787 S.E.2d at 866.

On appeal, petitioner contends that the circuit court erred in denying the instant habeas petition without a hearing and appointment of counsel.[4] Respondent counters that the circuit court

---

second habeas petition, but was prevented from doing so by the inaction of the attorney from his first habeas proceeding. However, the circuit court addressed this issue in an order entered on July 22, 2016, in the second habeas proceeding, Case No. 14-C-482. We take judicial notice of the record in No. 14-C-482 in which the circuit court determined that the attorney from petitioner's first habeas proceeding was not appointed to represent him in the second proceeding. We find that the non-appointment of the attorney in the second proceeding is consistent with petitioner's statement in his second petition that there were multiple alleged instances where the attorney was ineffective in the first habeas proceeding.

[4] As petitioner notes, because he raises ineffective assistance of habeas counsel, the doctrine of res judicata does not bar the instant petition as a successive petition pursuant to syllabus point 4 of *Losh*. 166 W.Va. at 762-63, 277 S.E.2d at 608.

properly denied the petition. "A mere recitation of any of [the] enumerated grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing." *Losh*, 166 W.Va. at 771, 277 S.E.2d at 612. Upon our review of the instant petition, the record, and the standard for evaluating claims for ineffective assistance of habeas counsel,[5] we concur with the circuit court's finding that petitioner did not set forth sufficient supporting factual allegations to show that he is entitled to relief. Therefore, we find that the circuit court did not abuse its discretion in denying the instant habeas petition.

For the foregoing reasons, we affirm the circuit court's January 11, 2017, order denying petitioner's third petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: February 2, 2018

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[5] In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): a defendant must show that (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

4